**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven I Rhodes,<br><br>  Plaintiff,<br><br>vs.<br><br>United States Internal Revenue Service;<br>Douglas Schulman, Commissioner of the<br>Internal Revenue Service;<br>Deborah Morales, "Intake Advocate,"<br>IRS<br><br>  Defendants. | No. CV10-1074-PHX-DGC<br><br><br><br>**ORDER** |

This order concerns three related motions. Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for insufficient service of process under Rule 12(b)(5). Docs. 7, 7-1. Plaintiff moves for default judgment. Doc. 8. Plaintiff also filed a motion for leave to file a reply to Defendants' default-judgment response. Doc. 11. The parties have not requested oral argument. For the reasons stated below, the Court will grant in part and deny in part Defendants' motion to dismiss, grant Plaintiff's motion to file a reply, and deny Plaintiff's motion for default judgment.

**I.    Background.**

Steven Rhodes is a *pro se* plaintiff who filed a declaratory action against Defendants on May 17, 2010, for unlawful seizure of his tax refund for tax year 2008. Doc. 1. Plaintiff's complaint comprises several claims, including a violation of the Fifth Amendment to the

1  United States Constitution, emotional distress, and unlawful tax collection conduct under
2  26 U.S.C. § 7433.  Doc. 1.  Plaintiff requests his tax refund, civil damages and costs under
3  § 7433, and punitive damages.  Doc. 1.

4  On May 18, 2010, a summons was issued by this Court for the following persons: the
5  Internal Revenue Service, IRS Commissioner Douglas Schulman, Deborah Morales, and
6  United States Attorney for the District of Arizona Dennis K. Burke.  Doc. 4.  On June 6,
7  2010, Plaintiff filed a Certificate of Service declaring that a copy of the complaint was served
8  by certified mail on the "29th day of May, *2009*" to the four persons mentioned above.
9  Doc. 5 at 1 (emphasis added).  The next filing in the case was a notice on October 5, 2010,
10 whereby the United States substituted itself for Defendant Morales pursuant to 28 U.S.C.
11 § 2679(d)(1).  Doc. 6.  The United States did not object to personal jurisdiction at the time
12 of substitution.  *Id*.

13 On October 7, 2010, Defendants moved to dismiss the case under Rule 12(b)(1) and
14 12(b)(5).  Doc. 7.  Defendants argue that this Court lacks subject matter jurisdiction because
15 Plaintiff did not exhaust his administrative remedies under 26 U.S.C. § 7433, the United
16 States did not waive sovereign immunity as to Plaintiff's Fifth Amendment and tort claims,
17 and the emotional distress claim is barred by the Federal Tort Claims Act ("FTCA") due to
18 failure to exhaust FTCA administrative remedies.  Doc. 7-1.

19 Plaintiff initially did not file a response to Defendants' motion to dismiss.  Instead,
20 Plaintiff filed a motion for default judgment under Rule 55 which asserts that service was
21 proper but makes no reference to Defendants' motion.  Doc. 8.  Plaintiff also filed a motion
22 to continue briefing on Defendants' motion to dismiss (Doc. 10), which the Court denied
23 (Doc. 13).  The Court directed Plaintiff to file a response to Defendants' motion to dismiss.
24 Doc. 13.  Plaintiff filed a response (Doc. 14), and Defendants filed a reply (Doc. 15).

25 In response to the motion for default judgment, Defendants argue that default
26 judgment is not proper for the reasons stated in Defendants' motion to dismiss (Doc. 7).
27 Plaintiff's reply was due on October 22, 2010, and Plaintiff filed a reply and motion for leave
28 to file a reply on November 1, 2010 (Docs. 11, 12).  In explaining his reason for filing a late

1 reply, Plaintiff asserts that he was under the mistaken understanding of having twenty days
2 to respond to Defendants' motion, and that he "has just recently learned that a local rule
3 afforded him only seven (7) days within which to file his Reply." Doc. 11 at 2. Although
4 pro se plaintiffs are expected to abide by the rules of the court in which they litigate, *Carter*
5 *v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986), Defendants have not
6 objected to Plaintiff's late reply and the Court has considered it. Plaintiff argues that service
7 was proper, but does not address Defendants' subject matter jurisdiction arguments. Doc. 12.

**II.     Discussion.**

   **A.     Subject Matter Jurisdiction.**

10 Because the issue of subject matter jurisdiction may be raised at any time by the
11 parties or *sua sponte* by the Court, the Court may properly address the issue before deciding
12 whether default judgment against Defendants is warranted. *See* Fed. R. Civ. P. 12(h)(3);
13 *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "The party asserting
14 jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero*
15 *Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*,
16 298 U.S. 178, 189 (1936)). Defendants assert that subject matter jurisdiction does not exist
17 over any of Plaintiff's claims.[1]

18 First, Defendants argue that Plaintiff did not exhaust his administrative remedies
19 under 26 U.S.C. § 7433. Plaintiff's complaint alleges that he exhausted administrative
20 remedies under § 7433 by writing to the Taxpayer Advocate Service ("TAS") in Phoenix,
21 AZ and to the IRS office in Washington D.C. Doc. 1 at 2-3. Although the complaint does
22 not allege that the IRS responded to the latter letter, it does allege that TAS replied and
23 denied Plaintiff's request for a refund. *Id.* at 3. Plaintiff contends that the procedure outlined
24 in 26 C.F.R. § 301.7433-1(e) for exhausting remedies under § 7433 is inapplicable here
25 because "no such office exists anymore," referring to the office of "Area Director . . . of the

---

[1] The Court will not address Defendants' *Bivens* argument (Doc. 7-1 at 11) because the Court finds that Plaintiff's complaint does not include a *Bivens* claim.

- 3 -

area in which the taxpayer currently resides," § 301.7433-1(e). Doc. 14 at 2:12-16. Accordingly, Plaintiff argues, the letters to TAS and the IRS D.C. office are sufficient, and the former's response denying his claim can be deemed to have exhausted his administrative remedies. Defendants contend that Plaintiff's argument is unavailing for several reasons: IRS Notice 2003-19, 2003 WL 1252523, states the address where § 7433 claims should be mailed; there is no record of a claim from Plaintiff; TAS is not the proper agency to accept such claims; and the letter to TAS does not contain all of the information required by § 7433.[2] Doc. 15 at 3 & nn.1-2.

Plaintiff has not demonstrated that TAS is the proper agency for § 7433 exhaustion. Moreover, while Plaintiff asserted that he mailed his claim to the IRS D.C. office and TAS, he has not alleged that he also mailed it to the case processing center listed in IRS Notice 2003-19. Accordingly, Plaintiff has not established exhaustion of the § 7433 claim. Because Plaintiff offers no other ground for the Court's jurisdiction over the claim, the Court will dismiss the claim without prejudice.

Defendants argue that the FTCA's exception for tort claims arising from the assessment or collection of taxes, codified at 28 U.S.C. § 2680(c), means that the United States has not waived its sovereign immunity as to such claims. Doc. 7-1 at 11-12. Plaintiff does not address this argument in his response. Doc. 14. The Court finds the argument persuasive and will dismiss the emotional distress claim.[3]

Finally, Defendants argue that there is no subject matter jurisdiction over Plaintiff's Fifth Amendment taking claim on sovereign immunity grounds because Plaintiff "does not, and cannot, allege any facts to explain how the IRS' permissible actions in holding his tax refund to determine whether to apply it to liabilities potentially owed in previous tax years

---

[2] The address of the case processing site for Arizona listed in IRS Notice 2003-19 is Internal Revenue Service, Case Processing, Stop 4800 DEN, 600 17th Street, Denver, CO 80204. 2003 WL 1252523.

[3] Given this ruling, the Court need not address whether Plaintiff exhausted administrative remedies under the FTCA.

- 4 -

violated his constitutional rights." Doc. 7-1 at 10. Such a pleading or factual deficiency would at most be grounds to dismiss the case for failure to state a claim, and would not divest the Court of jurisdiction to decide the merits. Therefore, the Court rejects this argument and retains subject matter jurisdiction over Plaintiff's Fifth Amendment claim.

### B.    Service of Process.

Under Rule 12(b)(5), a defendant may move to dismiss an action if service of process is insufficient. Fed. R. Civ. P. 12(b)(5); *accord Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4"). Under Rule 4(i), a plaintiff who sues an agency, officer, and employee of the United States must serve a copy of the summons and the complaint on the United States, the agency, the officer, and the employee. Fed. R. Civ. P. 4(i). To serve the United States, the summons and complaint must be served on both the United States Attorney for the district where suit was filed <u>and</u> on the United States Attorney General in Washington, D.C. *Id*. at 4(i)(1). A court may dismiss the complaint if the plaintiff fails to show good cause for not properly serving the complaint and summons within 120 days of filing the complaint. Fed. R. Civ. P. 4(m); *see Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). A court may also, however, give the plaintiff an opportunity to cure failure to serve under certain circumstances. Fed. R. Civ. P. 4(i)(4), 4(m) (permitting a court to "order that service be made within a specified time" as an alternative to dismissal); *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009); *Borzeka v. Heckler*, 739 F.2d 444, 447-48 (9th Cir. 1984).

Plaintiff does not offer any evidence that the Attorney General was served in this case. Plaintiff's Certificate of Service lists only the United States Attorney for Arizona, the IRS, IRS Commissioner Schulman, and Deborah Morales. Doc. 5. In his response, Plaintiff admits that the complaint was served only on these persons. Doc. 14 at 3. Although his failure to serve the Attorney General places Plaintiff out of substantial compliance with Rule 4(i)(1), the Ninth Circuit has suggested that courts be "generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved." *See*

*Borzeka*, 739 F.2d at 448 (emphasis in original).  The Court will permit Plaintiff to cure his failure to properly serve the United States.

**C.     Default Judgment.**

Plaintiff argues that default judgment is proper because Rule 12(a)(2) requires an answer within 60 days after he "served the Complaint upon the proper parties."[4]  Doc. 8 at 2. Because no answer was filed in this case, Plaintiff reasons, Rule 55 entitles him to a default judgment.  The Court disagrees.

A party's duty to file a responsive pleading to a complaint under Rule 12 is triggered only upon sufficient service of process.  *See Worrell v. B.F. Goodrich Co.*, 845 F.2d 840, 841-42 (9th Cir. 1988).  Service was not proper in this case: not only did Plaintiff fail to serve the Attorney General, but he provides no evidence that he properly effected service on the U.S. Attorney for Arizona.  Rule 4(i)(1)(A) requires that service on the U.S. Attorney be made in one of two ways: (i) "delivery" of the complaint and summons, which means personal service, *Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986), or (ii) certified mail sent "to the civil-process clerk at the United States attorney's office."  Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).  Plaintiff's Certificate of Service reflects that he sent the complaint and summons to, *inter alia*, the U.S. Attorney for Arizona "via Certified Mail."  Doc. 5 at 1.  This does not comport with the requirements of Rule 4(i)(1)(A)(i) or (ii).

Because service of process was defective, Plaintiff is not entitled to default judgment on the basis of Defendants' failure to file an answer.

**IT IS ORDERED:**

1.     Plaintiff's motion for leave to file a reply (Doc. 11) is **granted**.

2.     Defendants' motion to dismiss (Doc. 7) is **granted in part** and **denied in part** as stated above.

---

[4] "The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."  Fed. R. Civ. P. 12(a)(2).

3. Plaintiff's motion for default judgment (Doc. 8) is **denied**.

4. Plaintiff shall comply with Fed. R. Civ. P. 4(i)(1) by properly serving the United States Attorney General <u>and</u> the United States Attorney for Arizona, and shall file a Certificate of Service with this Court by **January 21, 2011**.

DATED this 27th day of December, 2010.

*David G. Campbell*
United States District Judge