**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven I Rhodes,<br><br>        Plaintiff,<br><br>vs.<br><br>United States Internal Revenue Service;<br>Douglas Schulman, Commissioner of the<br>Internal Revenue Service;<br>Deborah Morales, "Intake Advocate,"<br>IRS<br><br>        Defendants. | No. CV10-1074-PHX-DGC<br><br>**ORDER** |

      For the third time Defendant United States argues in this case that the Court lacks subject matter jurisdiction over Plaintiff's Fifth Amendment "taking" claim on sovereign immunity grounds. The latest argument is in a motion for judgment on the pleadings under Rule 12(c) asserting lack of jurisdiction and, on that basis, failure to state a claim on which relief can be granted. Docs. 26, 26-1. The Court has earlier explained that the Fifth Amendment's Takings Clause is self-executing. *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 953-54 (9th Cir. 2008) (noting that the Takings Clause of the Fifth Amendment is self-executing). This means that the United States has waived sovereign immunity for properly-pled takings claims when the Fifth Amendment was ratified, and no statute is required to waive sovereign immunity. *Jacobs v. United States*, 290 U.S. 13, 16 (1933) ("The form of the remedy . . . rested upon the Fifth Amendment. Statutory recognition was not necessary."); *accord Arnsberg v. United States*, 757 F.2d 971, 980 n.7

(9th Cir. 1984) ("Actions brought under the taking clause of the fifth amendment are, of course, an exception to the rule that sovereign immunity is a bar to damages against the United States for direct constitutional violations." (citation omitted)).

The relevant issue is whether Congress has divested district courts of jurisdiction over takings claims such as the one here.  Although Defendant is correct that the Tucker Act grants jurisdiction to the Court of Federal Claims for takings claims, this jurisdiction is not exclusive. *E.g., McGuire v. United States*, 550 F.3d 903, 911 (9th Cir. 2008) ("[A] claim that falls under the Tucker Act does not necessarily have to be brought in the Court of Federal Claims."). It becomes exclusive only if Congress divests other courts of jurisdiction over the same claims.[1] *Id.* Defendant argues that the Little Tucker Act, more specifically 28 U.S.C. § 1346(a)(2), divests the Court of jurisdiction over takings claims exceeding $10,000. Doc. 26-1 at 5.  Under the Little Tucker Act, Defendant is correct that once Plaintiff's 26 U.S.C. § 7433 claim was dismissed without prejudice, the Court's jurisdiction remained only over claims "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws," § 1346(a)(1), and over certain other claims not exceeding $10,000, § 1346(a)(1).

Defendant has not briefed the issue of whether Plaintiff's takings claim would fall within § 1346(a)(1).[2] Neither has *pro se* Plaintiff.  The Ninth Circuit has held that when a plaintiff does not file an administrative claim for a tax refund as required by § 7422(a), that person's claim does not qualify under § 1346(a)(1).  *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007).  This Court has earlier found that Plaintiff failed to file

---

[1] Because Plaintiff has the burden of showing which statute confers jurisdiction upon this Court, the Court will not *sua sponte* identify statutes that may apply.  The Court will address only the jurisdictional statutes raised by Defendant.

[2] Defendant has also not raised or briefed the issue of whether the Fifth Amendment provides the type of relief Plaintiff requests.

- 2 -

1   an administrative claim. Doc. 16 at 4. Since that finding, however, Plaintiff has advised the
2   Court that he has filed such a claim. Doc. 20 at 3. Because the parties have not briefed a
3   critical issue, the Court will not dismiss for lack of subject matter jurisdiction – especially
4   when Defendant's alternative remedy gives the parties time to brief the relevant issues.

5   Defendant moves in the alternative for a stay until August 8, 2011, under 26 U.S.C.
6   § 7422(e). Doc. 26-1 at 2. Defendant asserts that it mailed Plaintiff a notice of deficiency
7   on March 9, 2011 (*id.* at 6), and submits the declaration of Kaycee M. Sullivan along with
8   a copy of the notice (Docs. 26-2, 26-3). Defendant argues that § 7422(e) requires a 90-day
9   stay in light of these facts. Doc. 26-1 at 2. *Pro se* Plaintiff did not file a response.
10  Subsequent to the motion, the parties have filed a joint stipulation postponing the Rule 16
11  Case Management Conference for the same reasons. Doc. 27. The Court granted the motion
12  and postponed the conference to August 10, 2011 (Doc. 28), thereby effectively granting a
13  stay and mooting the present motion to stay.

14  **IT IS ORDERED** that Defendant's motion (Doc. 26) is **denied** as stated above.

15  DATED this 10th day of May, 2011.

_____
David G. Campbell
United States District Judge

- 3 -